UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERNON JEWEL PEARSON, III,

    Plaintiff,

v.                                        Case No: 8:22-cv-1638-WFJ-JSS

ANDREW WARREN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves the court to proceed *in forma pauperis*. (Motion, Dkt. 2.) Upon consideration, it is recommended that the Motion be denied without prejudice and Plaintiff's Complaint (Dkt. 1) be dismissed without prejudice.

### APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). A court's decision to grant *in forma pauperis* status is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). When considering a motion filed under § 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). However, when an application to proceed *in forma pauperis* is filed, the court must review the case and

dismiss it *sua sponte* if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). A complaint must give "the defendant fair notice of what the ... claim is and the grounds upon which it rests" and provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'").

## ANALYSIS

Upon review of the Motion, it appears that Plaintiff may be financially eligible to proceed *in forma pauperis* in this case. Nonetheless, the undersigned recommends that Plaintiff's Complaint be dismissed because it fails to properly state claims as required by the Federal Rules of Civil Procedure. Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

Plaintiff's allegations, as set forth in the complaint, fail to satisfy the requirements of Federal Rule of Civil Procedure 8(a). Plaintiff does not provide any information regarding the identity of Defendant Andrew Warren, beyond that he is being sued in his "private capacity" (Dkt. 1 at 1–2), or provide sufficient factual allegations as to how Defendant's conduct harmed Plaintiff.[1] In Count I, Plaintiff seeks declaratory relief regarding the "validity and enforceability of state of [F]lorida laws" and asks "to be declared cestui que vie trust and an order declaring renunciation of [U.S.] citizenship and declare [P]laintiff [a] State National/Citizen from Florida USA with restoration of all property/rights belonging to [P]laintiff." (*Id.* at 3–4.) In Count 2, Plaintiff alleges that the "state of [F]lorida" has "been arresting me since 2008 every year," resulting in violation of Plaintiff's constitutional rights, including due process and the Thirteenth Amendment, and causing Plaintiff emotional distress. (*Id.* at 4.) He claims that the "incident" was caused by the "careless, negligent, grossly careless, and reckless conduct of the Defendant" (*id.*), but does not provide any additional factual allegations regarding the who, what, where, when, or how the alleged wrongful arrests, constitutional violations, or emotional distress occurred. In Count 3, Plaintiff asserts only that Defendant "is in [b]reach of any such alleged

---

[1] The court also notes that Plaintiff's identity is unclear from the complaint. Plaintiff, "Vernon Jewel Pearson III," is described in the complaint as both a corporation and an individual acting as attorney-in-fact and with an interest in the corporation. (Dkt. 1 at 1) ("Comes now, the plaintiff VERNON JEWEL PEARSON III, [a] corporation by and through attorney in fact Vernon Jewel Pearson III . . ."). Plaintiff also asserts several allegations that could apply to Plaintiff either as a corporation or an individual. For example, Plaintiff states that "Vernon Jewel Pearson III is a man and has a proprietary right to Vernon Jewel Pearson III," "Vernon Jewel Pearson III is the only real party in interest acting as contributing beneficiary who has put any value into Vernon Jewel Pearson III," "Vernon Pearson is the only legitimate [claimant] to any equity attached to Vernon Jewel Pearson III." (*Id.* at 1–2.)

contract for failure of consideration because they gave nothing to me and have no claim in fact." (*Id.* at 5.)  Plaintiff does not provide any additional factual allegations as to the alleged contract or Defendant's actions in breaching it.  As pleaded, Plaintiff's Complaint fails to give "the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  *Twombly*, 550 U.S. at 555.  The bare-bones allegations in the complaint are thus insufficient to satisfy Rule 8.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (quoting *Twombly*, 550 U.S. at 555).

Accordingly, it is **RECOMMENDED** that

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice") (internal quotation and citation omitted).  It is recommended that the second amended complaint, if any, be due within 20 days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on August 16, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Copies furnished to:
The Honorable William F. Jung
Unrepresented Parties